STATE of Maine

v.

PATTEN CORPORATION, et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 3, 1992.
Decided Dec. 3, 1992.

Michael E. Carpenter, Atty. Gen., Amy M. Homans, Asst. Atty. Gen., Consumer & Antitrust Div., Augusta, for appellant.

Stephen Langsdorf, Preti, Flaherty, Beliveau & Pachios, Augusta, for appellees.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

ROBERTS, Justice.

The single issue presented by the State's appeal requires us to determine the appropriate standard for an award of attorney fees to the State pursuant to 14 M.R.S.A. § 1522(1) (Supp.1991). Following a finding that Patten Corporation and its Maine affil-

iates engaged in unfair and deceptive practices in the sale of land in violation of a consent decree entered under the Maine Unfair Trade Practices Act (UTPA), the Superior Court (Kennebec County, *Alexander, J.*) granted the State's motion for civil penalties, 5 M.R.S.A. § 209 (1989 & Supp. 1991), and awarded the State attorney fees at the rate of $40 per hour pursuant to section 1522(1). Because the award represents a misapplication of the statute, we vacate the award.

The State's motion for costs and attorney fees was supported by affidavits from three attorneys in the Attorney General's office, stating the hours worked by each attorney and requesting fees at the prevailing market rate of $90, $100, and $125, respectively, for a total of $14,132.50. Patten opposed an award based on market rates and argued instead for an award based on the cost to the State, i.e., the salary level for each attorney. On appeal Patten argues for the first time that the $40 rate is appropriate because both the statute authorizing payment to counsel for representing indigent criminal defendants, 15 M.R.S.A. § 810, and section 1522 require "reasonable" compensation or fees, and because the rate established as reasonable by the Supreme Judicial Court is $40 per hour. *See* Administrative Order, *Fee Schedules for Court–Appointed Counsel in the Superior and District Courts*, SJC–318, SJC–406 (effective July 1, 1991).

Patten's reliance on the Supreme Judicial Court order is unpersuasive. M.R.Crim.P. 44(c) states that a factor in determining "reasonable compensation" for court-appointed counsel is "the professional responsibility of the Bar to assist the court in providing legal assistance to indigent defendants." No such factor comes into play when the court awards attorney fees pursuant to the UTPA.

Equally unpersuasive is Patten's contention that the State should be limited to recovery of the actual salary of the attorneys involved. Patten argues that without such a limitation the State obtains a windfall, and Patten distinguishes the case at bar from federal cases involving an award of attorney fees to private, nonprofit organizations. *See, e.g., Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). We conclude, however, that the Legislature intended "reasonable fees" to have the same meaning in relation to legal representation for successful litigants regardless of its source. *Cf. Illinois v. Sangamo Constr. Co.*, 657 F.2d 855, 861 (7th Cir.1981) (no distinction between public and private counsel in determining a "reasonable" fee under section 4 of the Clayton Act). We hold, therefore, that an award of attorney fees to the State under the UTPA is to be based on the prevailing market rate.

Finally, we reject the State's suggestion that a remand is unnecessary because Patten has not challenged the rates set forth in its affidavits. Because we are for the first time interpreting section 1522 as it applies to legal services provided by the Attorney General in a case such as this, a remand for reconsideration by the trial court is appropriate.

The entry is:

Order on attorney fees vacated.

Remanded for further proceedings consistent with the opinion herein.

All concurring.